# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### SEPTEMBER SESSION, 1997

FILED

October 22, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,    )
    )   No. 03C01-9610-CC-00367
    Appellee    )
    )   BLOUNT COUNTY
vs.    )
    )   Hon. D. KELLY THOMAS, JR., Judge
SUSAN RENEAU,    )
    )   (Facilitation of Rape)
    Appellant    )

For the Appellant:

**Mack Garner**
District Public Defender
419 High Street
Maryville  TN  37804

For the Appellee:

**Charles W. Burson**
Attorney General and Reporter

**Janis L. Turner**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**Michael L. Flynn**
District Attorney General

**Kirk Andrews**
Asst. District Attorney General
363 Court Street
Maryville, TN  37804

OPINION FILED: _____

REVERSED AND REMANDED

**David G. Hayes**
Judge

## OPINION

The appellant, Susan Reneau, appeals the sentence imposed by the Blount County Circuit Court upon her plea of guilty to the offense of facilitation of rape, a class C felony. Pursuant to a negotiated plea, the appellant received a sentence of three years as a range I offender. The manner of service of the sentence was submitted to the trial court for determination. Following a sentencing hearing, the trial court denied any form of alternative sentence and imposed a sentence of incarceration in the Department of Correction. The appellant now appeals this decision.

After a review of the record, we reverse the judgment of the trial court. The appellant's sentence is modified to reflect a sentence of probation.

## I. Background

The facts of this case stem from the conduct of the appellant in permitting her mentally retarded thirteen- year old daughter to cohabit, over a three month period, with a twenty-nine year old man. The appellant, during this period, was thirty-five years of age and the single parent of four teenage children. The victim possessed the mental capabilities of a seven-year old. The appellant received various social security disability and AFDC benefits which served as her sole source of income. These benefits totaled approximately $900.00 per month, including $382.00 received on behalf of the victim.

The proof at the sentencing hearing established that, between March and May of 1995, the appellant's neighbor introduced the victim to Christopher Bernstein, who was twenty-nine years of age. The victim and Bernstein began

2

dating, secretly meeting at this neighbor's residence, until the appellant's older daughter informed her of the victim's relationship. The appellant instructed the victim to end her involvement with Bernstein, but the victim continued to meet with him. At this point, although not confirmed, the appellant suspected that the victim was having sexual relations with Bernstein.

Subsequently, the victim informed the appellant that she intended to move into a house with Bernstein and his parents. The appellant "knew [this relationship] was wrong and had tried to talk [the victim] out of doing it, but [the victim] went ahead and did it anyway." The appellant explained that, because she was afraid of losing custody of her daughter, she did not seek help from the court or the Department of Human Services to deal with her daughter's unruliness. Eventually, the appellant agreed that the victim could live with Bernstein and his parents "until school started in the fall." Soon thereafter, the victim told the appellant that she and Bernstein were sharing the same bed and that she was pregnant.[1] On two more occasions, the appellant attempted to persuade her daughter to return home, but the victim refused. The appellant explained that "she did not know [her actions] were a crime or illegal, but she knew it wasn't right."

The appellant has no prior criminal history or convictions. She has no record of drug or alcohol abuse.[2] She cooperated with the Department of Human Services after the facts of this case were developed. The appellant completed the eighth grade, prematurely terminating her education to care for her two younger siblings while her mother worked, and gave birth to her first child when she was seventeen

---

[1] The victim resided with Bernstein from June to August 1995. The victim's child was born on December 13, 1995. On August 10, 1995, Bernstein and his mother contacted the Department of Human Services in an effort to obtain SSI benefits on behalf of the victim. In an attempt to get the benefits, Bernstein confessed to having sexual relations with the victim and was arrested. The appellant was interviewed by law enforcement officials the following day and was subsequently arrested on the present charge.

[2] The presentence report indicates that the appellant tested positive for barbiturates in a pre-interview drug screen. She stated, however, that the only drugs that she had taken were ibuprofen and some "arthritis medicine" to relieve the pain of a toothache.

years old.  At the time of the sentencing hearing, the appellant had remarried.  Her current husband is employed as a shoe repairman.

The appellant testified that three of her children, her husband's son, and two grandchildren currently reside with her and her husband.  She has no behavioral problems with these children.  After the victim's relationship with Bernstein was revealed to authorities, the victim was placed in a foster home, where she remains with her baby.  Expressing remorse over her actions, the appellant avers that she never intended to hurt her daughter.  She states that, despite this incident, she maintains a healthy and happy relationship with the victim, visiting her twice a month at her foster home.  The appellant also has completed a three month program involving counseling and parenting classes and she is not being monitored by the Department of Human Services or any other governmental agency regarding the care of her children.  Moreover, she stated that she would abide by any and all conditions imposed in connection with an alternative sentence.

In denying an alternative sentence, the trial court found that a sentence of "[c]onfinement is necessary to avoid depreciating the seriousness of the offense."  He stated that

> I just can't think that the legislature intended for a mother to do this to their child and not be punished by incarceration.  There's no other punishment.  I mean, her child has been removed, but having a conviction and being on probation is no punishment to this lady.  She doesn't work.

Additionally, the court found that

> her potential or lack of potential for rehabilitation or treatment is questionable.  What needs to be rehabilitated is questionable.  And how it could be done is questionable.

4

## II. Analysis

When a defendant challenges the manner of service of her sentence, this court must conduct a *de novo* review with the presumption that the determination made by the trial court is correct. Tenn. Code Ann. § 40-35-401(d)(1990). This presumption only applies, however, if the record shows that the trial court properly considered relevant sentencing principles. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In determining the appellant's suitability for an alternative sentence, we first decide whether the appellant is entitled to the statutory presumption that she is a favorable candidate for alternative sentencing. State v. Bingham, 910 S.W.2d 448, 453 (Tenn. Crim. App.), perm. to app. denied to appeal denied, (Tenn. 1995) (citing State v. Bonestel, 871 S.W.2d 163, 167 (Tenn. Crim. App. 1993)). To be eligible for the statutory presumption, a defendant must meet three requirements. The defendant must be convicted of a class C, D, or E felony. Tenn. Code Ann. § 40-35-102(6) (1994 Supp.). She must be sentenced as a mitigated or standard offender. Id. And, the defendant cannot have a criminal history evincing either a "clear disregard for the laws and morals of society" or "failure of past efforts at rehabilitation." Tenn. Code Ann. § 40-35-102(5). The appellant satisfies these criteria. Accordingly, she is entitled to the presumption favoring alternative sentencing.

This presumption may be rebutted by "evidence to the contrary." Guidance as to what constitutes "evidence to the contrary" may be found in the sentencing considerations codified at Tenn. Code Ann. § 40-35-103 (1990). Such evidence may be found in the presentence report, the evidence presented by the State, the testimony of the accused, or any other source provided that it is part of

the record. Bonestel, 871 S.W.2d at 167; see also Tenn. Code Ann. § 40-35-102(6).

In the present case, the trial court denied alternative sentencing based upon the seriousness of the offense. A trial court's denial of an alternative sentence on this ground can only be upheld if there is evidence in the record that indicates that the circumstances of the offense, as committed, were especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree, and the nature of the offense outweighs all factors favoring a sentence other than confinement. Bingham, 910 S.W.2d at 454 (citations omitted). Although we do not condone the appellant's behavior, we find the record absent of any proof to support the conclusion that the appellant's actions were "especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree." See, e.g., State v. Mitchell, No. 03C01-9411-CR-00418 (Tenn. Crim. App. at Knoxville, July 24, 1995).

We are unable to conclude that the appellant falls within that class of "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society and evincing failure of past efforts at rehabilitation . . . " Tenn. Code Ann. § 40-35-102(5). Indeed, the appellant has no criminal history and has never been placed in a rehabilitative program. Accordingly, we conclude that the State has failed to present sufficient proof to overcome the presumption that "a sentence other than confinement would result in successful rehabilitation." Mitchell, No. 03C01-9411-CR-00418 (citations omitted). Under the facts of this record, the appellant and society would best be served by granting a sentence other than total confinement. See Mitchell, No. 03C01-9411-CR-00418. The trial court's order imposing a sentence of incarceration in the Department of Correction is reversed. The appellant's sentence is suspended and she is placed on intensive probation for three years. The

6

appellant's household is to be monitored for review of appropriate parenting skills and for imposition of any other conditions reasonably related to the purpose of this sentence including community service. This case is remanded for entry of judgment consistent with this opinion.

_____

DAVID G. HAYES, Judge

CONCUR:

_____

JOHN H. PEAY, Judge

_____

WILLIAM M. BARKER, Judge